IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIM OSIRUS,<br><br>　　　Plaintiff,<br><br>v.<br><br>WAL-MART INC.; WAL-MART STORES EAST, LP,<br><br>　　　Defendants. | CIVIL ACTION NO.:<br><br>Jury Trial Demanded |

## COMPLAINT FOR DAMAGES

Plaintiff Kim Osirus hereby files this Complaint against Defendants Wal-Mart Inc. and Wal-Mart Stores East, LP, showing this Honorable Court and the jury as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  This action arises from severe burn injuries Plaintiff Kim Osirus sustained after a defective Wal-Mart brand wok broke while she was cooking.

2.  At all times relevant to this action, Ms. Osirus was (and is) a citizen and resident of the State of Georgia.

3.  Defendant Wal-Mart Inc. was the distributor of the subject wok. Wal-Mart Inc. is incorporated under Delaware law and maintains its principal place of

1

business in Arkansas. Wal-Mart Inc. is therefore a citizen of Delaware and Arkansas.

4. Wal-Mart Stores East, LP ("Wal-Mart East") owns and operates the store from which Ms. Osirus purchased the subject wok. Wal-Mart East is a citizen of Arkansas and Delaware:

    a. Wal-Mart East is a limited partnership consisting of the following partners: WSE Management, LLC and WSE Investment, LLC.

    b. The sole member of both partners (WSE Management and WSE Investment) is Wal-Mart Stores East, LLC, which is a wholly owned subsidiary of Wal-Mart Inc. Wal-Mart Inc. is registered under Delaware law and maintains its principal place of business in Arkansas.

5. Complete diversity exists between the parties for the purposes of 28 U.S.C. § 1332 because Ms. Osirus is a citizen of Georgia, and the defendants are citizens of Delaware and Arkansas.

6. The amount in controversy exceeds $75,000.00. Ms. Osirus sustained serious burn injuries and permanent scarring as a result of the incident described below. She also seeks punitive damages, which can be considered in assessing the amount in controversy.

7. Wal-Mart Inc. and Wal-Mart East are both registered to do business in Georgia and are therefore subject to general personal jurisdiction in this Court.

8. This Court also has specific personal jurisdiction over the defendants for the claims asserted in this Complaint. Defendants have purposefully availed themselves of the laws of Georgia by maintaining substantial presences in the state. Wal-Mart Inc. extensively advertises the Wal-Mart brand in Georgia and throughout the United States. There are over 4,500 Wal-Mart stores in the country and more than 180 in Georgia. The wok at issue is (and was at the relevant time) sold on Wal-Mart's website. Wal-Mart East owns and operates the physical Wal-Mart stores in several states, including Georgia, Florida, and Alabama. It maintains 180 stores in Georgia and regularly sells goods in Georgia. Ms. Osirus was injured by a product she purchased from a Wal-Mart store. Her resulting injuries relate to Wal-Mart Inc.'s and Wal-Mart East's activities in Georgia. This Court therefore has specific personal jurisdiction over both Wal-Mart Inc. and Wal-Mart East.

9. Venue is proper in the Northern District of Georgia, Atlanta division because the events giving rise to this action occurred in Cobb County, Georgia.

## FACTS

10. In the summer of 2022, Ms. Osirus purchased a Wal-Mart brand "Mainstays" wok (the "Wok") from a Wal-Mart store in North Miami Beach, Florida.

11. Ms. Osirus subsequently moved to Marietta, Cobb County, Georgia. She had only used the Wok two or three times before the incident giving rise to this action occurred. After each use, she cleaned the Wok thoroughly, allowed it to dry, and then stored it in a dry cupboard.

12. The Wok, which is pictured below, featured a front, longer handle that extends perpendicular to the Wok (the "front handle") and the shorter handle at the back of the Wok (the "back handle").



13. When Ms. Osirus purchased the Wok, it did not come with packaging, directions, or warnings. The only labeling the Wok featured was a decal affixed to the inside of the Wok, as shown below:



14.     On or near July 1, 2023, Ms. Osirus was cooking with the Wok at her home in Marietta.  The Wok contained a liquid that was at or near the boiling point of water.

15.     While cooking, Ms. Osirus attempted to move the Wok off of the burner using both handles.  She was exercising ordinary and reasonable care and using the Wok in a foreseeable and intended manner.  Suddenly and without warning, the wooden portion of the back handle detached from the metal portion that affixed the back handle to the Wok.  Pictures of the Wok after the incident show where the handle detached:





16.     The handle's failure caused the boiling liquid inside of the Wok to spill on Ms. Osirus's chest.  Ms. Osirus sustained severe, scalding burns on her left breast.

6

She suffered significant immediate pain from the burns and continued to experience pain following the incident.

17. Ms. Osirus also has permanent scarring from the burns, including on visible areas of her left breast.

18. Ms. Osirus received emergency room treatment and treatment at a burn center following the incident. She continues to return to the burn center for follow-up evaluation.

19. Defendant Wal-Mart East owns and operates the store from which Ms. Osirus purchased the Wok.

20. Defendant Wal-Mart Inc. was the distributor for the Wok, which was manufactured in China.

21. Wal-Mart Inc. was also sufficiently involved in the Wok's design and production to be considered a manufacturer under Georgia law.

### COUNT I: NEGLIGENT FAILURE TO WARN
### Against all Defendants

22. Ms. Osirus adopts and incorporates the allegations in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. The Wok at issue is a Wal-Mart brand "Mainstays" wok sold in Wal-Mart stores in both Florida and Georgia, and on Wal-Mart's website.

24. The Mainstays wok at issue was defectively designed in that the wooden portion of the back handle was not sufficiently and properly affixed to the

metal portion of the back handle. Because the handle was not properly constructed, the wok was unreasonably dangerous and prone to fail during ordinary and reasonable use.

25. The handles on the Mainstays wok at issue have in fact failed on countless occasions. Numerous reviews on Wal-Mart's own website (dated before Ms. Osirus was injured or even purchased her Wok) indicate that the back handle broke during ordinary use. Several reviews specifically noted that the handle's failure could have caused injury.

26. The defect at issue existed when the Wok left both Wal-Mart Inc.'s and Wal-Mart East's control.

27. Defendants therefore knew or should have known that the Wok was defectively designed. Accordingly, Defendants had a duty to warn customers like Ms. Osirus of the dangerous defect, or to take other corrective actions.

28. Despite this actual constructive knowledge, Defendants failed to provide warnings to customers of the danger of the handle breaking. They also failed to pull the Mainstays wok from their stores, to ensure the Wok was safely re-designed, or otherwise take corrective action.

29. Had Ms. Osirus been warned about the defect, she would not have purchased the Wok and certainly would not have used it.

8

30. But for Defendants breach of their failure to warn Ms. Osirus of the defect, Ms. Osirus would not have been injured.

31. Defendants' breaches of duty proximately caused Ms. Osirus to sustain severe injuries.

## COUNT II: BREACH OF IMPLIED WARRANTY
**Against all Defendants**

32. Ms. Osirus adopts and incorporates the allegations in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

33. The Wok at issue is a Wal-Mart brand "Mainstays" wok sold in Wal-Mart stores in both Florida and Georgia, and on Wal-Mart's website.

34. Both Defendants deal in selling the Mainstays wok at issue and are therefore merchants with respect to goods of the kind.

35. The Wok was not merchantable because it was not fit for the ordinary purpose for which it was to be used — cooking.

36. Ms. Osirus is in direct vertical privity with both Defendants (Wal-Mart East as the retailer and Wal-Mart Inc. as the distributor) because she purchased the Wok herself.

37. The problems with the Wok existed when it left both Wal-Mart Inc.'s and Wal-Mart East's control.

38. Defendants therefore breached the implied warranty of merchantability by selling a defective and unmerchantable product.

39. Defendants have been placed on notice of the breach of warranty.

40. But for Defendants' breaches of the implied warranty, Ms. Osirus would not have been injured.

41. Defendants' breaches proximately caused Ms. Osirus's injuries.

## COUNT III: DESIGN DEFECT
### Against Defendant Wal-Mart Inc.

42. Ms. Osirus adopts and incorporates the allegations in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

43. The Wok at issue is a Wal-Mart brand "Mainstays" wok sold in Wal-Mart stores in both Florida and Georgia, and on Wal-Mart's website.

44. The Wok was defectively designed in that the wooden portion of the back handle was not sufficiently and properly affixed to the metal portion of the back handle.

45. Several safer alternative designs for the Wok existed and could have been implemented before Ms. Osirus purchased the Wok.

46. Wal-Mart Inc. exercised sufficient control over the Wok's design and production to be considered a manufacturer under Georgia law.

47. But for the design defect, Ms. Osirus would not have been injured.

48. The design defect proximately caused Ms. Osirus's injuries.

## COUNT IV: PUNITIVE DAMAGES
### Against all Defendants

49. Ms. Osirus adopts and incorporates the allegations in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Defendants were aware of the danger of the Wok before Ms. Osirus purchased it and before she was injured. Reviews on Wal-Mart's own website from before Ms. Osirus purchased the Wok, before the incident, and after the incident all mention the handle's propensity to fail during use. Despite their awareness, Defendants have done nothing to prevent customers from sustaining severe injuries.

51. It goes without saying that a defective cooking device such as the Wal-Mart Mainstays wok could not only severely injure an adult using the wok, but could also gravely injure or kill a child standing in the kitchen.

52. Defendants' actions and omissions constituted willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

53. Because this is a product liability case, Georgia's statutory cap on punitive damages does not apply.

54. Ms. Osirus is entitled to punitive damages awards against both Defendants in amounts expressed in monetary terms sufficient to penalize, punish, and deter Defendants from engaging in similar conduct in the future, and to be determined by the enlightened conscience of the jury.

## COUNT V: ATTORNEY'S FEES
### Against all Defendants

55. Ms. Osirus adopts and incorporates the allegations in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Defendants have acted in bad faith, been stubbornly litigious, and have caused the Ms. Osirus unnecessary trouble and expense.

57. Ms. Osirus is therefore entitled to recover her attorney's fees and litigation expenses under O.C.G.A. § 13-6-11.

## DAMAGES

58. As a direct and proximate result of Defendants acts and omissions, Ms. Osirus has:

   a. Sustained serious, painful injuries for which she has obtained medical treatment;

   b. Suffered permanent scarring and disfiguration;

   c. Incurred special damages, including medical expenses;

   d. Incurred general damages, including emotional, mental, and physical pain and suffering due to bodily injuries, personal inconvenience, and a reduction in er inability to lead a normal life;

   e. Will be required to undergo additional and continued medical treatment and to incur additional and continued medical costs and expenses for her significant injuries, and pain and suffering;

f.  Has incurred attorneys' fees and litigation expenses; and

g.  Was otherwise hurt, injured, and caused to sustain losses.

59. By reason of the foregoing, Ms. Osirus is entitled to recover compensatory damages, punitive damages, attorney's fees, and expenses from the Defendants in an amount to be proven at trial by a jury of her peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That process be issued and Defendants be served with Summons and a copy of this Complaint according to law;

2. That judgment be granted in favor of the Plaintiff and against the Defendants for special and general damages, and punitive damages all in an amount to be determined by the enlightened conscience of a fair and impartial jury;

3. That Plaintiff have a trial by jury;

4. That all costs of this action be taxed against Defendants;

5. That Plaintiff be awarded her attorneys' fees;

6. That Plaintiff has such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                                                                  /s/ *Derek Rajavuori*
                                                                  Derek S. Rajavuori
                                                                  Georgia Bar No. 577647
                                                                  **DSR Law, LLC**

6075 Barfield Road
Suite 3300
Sandy Springs, Georgia 30328
678-916-6893
derek@dsrlawyer.com

*Attorney for Plaintiff*